**Mark P. DONALDSON, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

No. 03–1782.

United States Court of Appeals, Sixth Circuit.

Jan. 30, 2004.

Mark P. Donaldson, Whitmore Lake, MI, pro se.

Michael Hluchaniuk, Asst. U.S. Attorney, U.S. Attorney's Office, Bay City, MI, Patricia G. Gaedeke, U.S. Attorney's Office, Detroit, MI, for Defendant–Appellee.

Before SUHRHEINRICH, CLAY, and SUTTON, Circuit Judges.

### ORDER

Mark P. Donaldson appeals a district court judgment denying his motion for a preliminary injunction. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination. this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1999, Donaldson filed a pro se complaint appealing two unfavorable determinations made by the United States Department of Agriculture ("USDA") denying his applications for Rural Business Enterprise Grants ("RBEG"). During the course of that proceeding, Donaldson moved the district court for a preliminary injunction to enjoin the USDA from awarding any RBEG applications.

The magistrate judge recommended that Donaldson's motion be denied because Donaldson lacked standing to object to the award of grants to other applicants, and Donaldson was unlikely to succeed on the merits of his claim. The district court adopted the magistrate judge's report and recommendation over Donaldson's objections on the ground that Donaldson's failure to demonstrate likely success on the merits was fatal to his request for a preliminary injunction. Donaldson appeals that judgment.

A preliminary injunction is an extraordinary remedy that should only be granted if the movant carries its burden of proving that the circumstances clearly demand it.

*Leary v. Daeschner,* 228 F.3d 729, 739 (6th Cir.2000). We review for an abuse of discretion a district court's grant or denial of a preliminary injunction. *Nat'l Hockey League Players' Ass'n v. Plymouth Whalers Hockey Club,* 325 F.3d 712, 717 (6th Cir.2003); *Taubman Co. v. Webfeats,* 319 F.3d 770, 774 (6th Cir.2003); *Overstreet v. Lexington–Fayette Urban County Gov't,* 305 F.3d 566, 573 (6th Cir.2002). An abuse of discretion occurs "if the district court relied upon clearly erroneous findings of fact, improperly applied the governing law, or used an erroneous legal standard." *Nat'l Hockey League Players' Ass'n,* 325 F.3d at 717. Under this standard, the court reviews the district court's legal conclusions de novo and its factual findings for clear error. *Taubman,* 319 F.3d at 774.

Upon review, we conclude that the district court did not abuse its discretion when denying Donaldson's motion for a preliminary injunction. Donaldson failed to demonstrate that he is likely to succeed on the merits of his claim.

In exercising its discretion with respect to a motion for a preliminary injunction, a district court must give consideration to four factors: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction." *Rock & Roll Hall of Fame and Museum, Inc. v. Gentile Prods.,* 134 F.3d 749, 753 (6th Cir.1998).

In this circuit, the four considerations applicable to preliminary injunction decisions are factors to be balanced, not prerequisites that must be met. *In re DeLorean Motor Co.,* 755 F.2d 1223, 1229 (6th Cir.1985). Thus, a district court is not required to make specific findings concerning each of the four factors used in determining a motion for preliminary injunction if fewer factors are dispositive of the issue. *Id.; Mascio v. Pub. Employees Ret. Sys. of Ohio,* 160 F.3d 310, 312 (6th Cir.1998). "Although no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. Nat'l Bd. of Med. Exam'rs,* 225 F.3d 620, 625 (6th Cir.2000).

Donaldson failed to demonstrate that he has any legal right to challenge the USDA's decisions to award grants to other applicants. Donaldson did not establish that he had a personal interest at stake with respect to the injunctive relief he sought. Therefore, Donaldson failed to demonstrate a likelihood of success on the merits because he suffered no "injury in fact" as a result of the USDA's award of grants to other applicants. *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit, for the reasons set forth in the magistrate judge's report and recommendation of April 23, 2003, as adopted by the district court in its order of June 6, 2003.